# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3795

_____

DAVID A. TAYLOR,

    Appellant,

    v.

MIKE HOGAN, in his official
capacity as Supervisor of
Elections, Duval County,
Florida,

    Appellee.

_____


On appeal from the Circuit Court for Duval County.
Robert M. Foster, Judge.


August 29, 2019


PER CURIAM.

In this election case, David Taylor appeals the trial court's denial of mandamus and declaratory relief. He claims the Duval County Supervisor of Elections ("Hogan") was required to comply with the notice and publication requirements of section 100.141, Florida Statutes (2018), after the Jacksonville City Council ("Council") called for a special election to fill a vacant council seat. We reject this argument because the notice and publication requirements of section 100.141 do not apply to locally-called special elections.

In early June 2018, a council member announced his irrevocable intention to resign from office. After consulting with Hogan, the Council called for a special election under the Jacksonville City Charter to fill the upcoming vacancy. On June 12, 2018, the Council passed a resolution that set an August 28, 2018, date for the upcoming special election. The Council set the qualifying period to run from noon on June 25, 2018, through noon on June 27, 2018. For candidates seeking to qualify via voter petition, the Council declared a June 19, 2018, deadline. The Council neither instructed Hogan to give public notice nor provided a notice to publish. Taylor was eligible for the Council seat and claims he would have run for the seat, if he had received notice. Taylor filed a petition for mandamus and complaint for declaratory judgment against Hogan.

The question presented is whether the statutory notice mandates that apply when the "Governor" is "required" to fill a vacancy through a special election also apply to a discretionary, purely local election. The Florida Election Code[*] defines a special election as "a special election called for the purpose of voting on a party nominee to fill a vacancy in the national, state, county, or district office." § 97.021(34), Fla. Stat. (2018). This definition does not apply "where the context clearly indicates otherwise." § 97.021, Fla. Stat.

If qualifying as a special election, "the Governor" must issue an order setting the special election date and provide that order to the Department of State. § 100.l41(1), Fla. Stat. Based on the Governor's order, the Department of State must prepare a notice with information about the upcoming election, including the qualifying period. § 100.l41(1)-(2), Fla. Stat. Finally, the Department of State must provide the prepared notice to the relevant election supervisor, who must then publish the notice. § 100.l41(3), Fla. Stat.

The Florida Election Code also contains an express provision regarding notice for special elections "called by local governing

---

[*] *See* § 97.011, Fla. Stat. ("Chapters 97-106 inclusive shall be known and may be cited as 'The Florida Election Code.'").

2

bodies." § 100.151, Fla. Stat. (2018). The only notice required by this provision is notice to the supervisor of elections. § 100.151, Fla. Stat. The only other applicable notice provision, a catch-all for special elections unaddressed elsewhere in the Florida Election Code, requires notice of the election itself, but not the qualifying period. § 100.342, Fla. Stat. (2018).

Taylor argues that the local election at issue here falls under section 100.141 based on the Florida Election Code's broad definition of "special election." We disagree. The context clearly indicates that "special election" in section 100.l41 does not refer to locally called, discretionary, special elections. While the Florida Election Code's definition of "special election" is broad enough to include the local election at issue in this case, this general definition does not apply "when the context clearly indicates otherwise." § 97.021, Fla. Stat. (2018). In context, section 100.l41(3) only applies when the Governor and Department of State are involved in the election process. *See* § 100.141(1)-(3), Fla. Stat.

Additionally, the notice provisions of section 100.l41 apply "whenever a special election is *required*." *See* § 100.141(1), Fla. Stat. (emphasis added). Because the Council could have just left this vacancy open, a special election was not required. *See* § 100.141(1), Fla. Stat. Further, Taylor concedes the special election here was "permissive and not mandatory."

Lastly, the Florida Election Code's notice provision for special elections "called by local governing bodies" does not provide a basis for Taylor's claim because the provision only requires notice to the supervisor of elections before a special election called by a "local governing body" can be held. § 100.151, Fla. Stat. The omission of any publication requirement in section 100.151, which is specifically targeted at local elections, indicates that the Florida Election Code does not require notice of the qualifying period for local elections. Similarly, section 100.342, the catch all provision, requires notice of the election itself, but not the qualifying period.

Therefore, we find the statutes did not require Hogan to comply with the notice and publication requirements set forth in

3

section 100.141, and thus, the trial court did not err when it denied mandamus and declaratory relief.

AFFIRMED.

B.L. THOMAS and M.K. THOMAS, JJ., and GAY, SHONNA YOUNG, ASSOCIATE JUDGE, concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Neil L. Henrichsen of Henrichsen Siegel, P.L.L.C., Jacksonville, for Appellant.

Jason R. Teal, Deputy General Counsel, and Craig D. Feiser, Assistant General Counsel, Office of General Counsel, City of Jacksonville, Jacksonville, for Appellee.